ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Mar-01 14:03:55
60CV-19-1231
C06D05 : 11 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

KIMBERLY MARSH;
SCOTT MARSH;
RYAN MARSH; and
RYLEE MARSH

*Plaintiffs*

v.                                                      Case No.: 60CV-19-_____

CHRISTINE L. FLETCHER, and
DANNY HERMAN TRUCKING, INC.

*Defendants*

## COMPLAINT

Come now the Plaintiffs, Kimberly Marsh, Scott Marsh, Ryan Marsh, and Rylee Marsh, by

and through their attorneys, Taylor King Law, P.A., and for their cause of action against Christine

L. Fletcher and Danny Herman Trucking, Inc., do allege and state:

## PARTIES, JURISDICTION AND VENUE

1.     That the Plaintiffs are residents of Pulaski County, Arkansas.

2.     That Defendant Christine L. Fletcher is a resident of Colbert, Georgia.

3.     That the Defendant Danny Herman Trucking, Inc. is a corporation registered to do

business in Tennessee, with an agent for service listed as Barbara H. Seals, 339 Cold Springs Road,

Mountain City, Tennessee 37683-4023.

4.     That this Court has jurisdiction of the parties and the subject matter herein, and that

this Court is the proper venue for this cause of action, pursuant to ACA 16-60-112.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

5.     On or about June 22, 2018, at approximately 6:25 p.m., the Plaintiffs Kimberly Marsh, Scott Marsh, and Rylee Marsh were traveling in a 2008 Honda CR-V west on I-40 in the area of the 149 mile marker in the middle lane of traffic. Defendant Washington was driving a 2019 Kenworth diesel tractor truck west on I-40 in the area of the 149 mile marker in the middle lane of traffic, behind Plaintiffs' vehicle. The vehicle driven by Christine L. Fletcher was owned by Danny Herman Trucking, Inc..

6.     Plaintiffs Kimberly Marsh, Scott Marsh, and Rylee Marsh were en route to assist Plaintiff Ryan Marsh who's vehicle was disabled on the left westbound shoulder in the area of the 149 mile marker. Plaintiff Kimberly Marsh turned on her blinker and began merging into the left lane to then merge onto the shoulder to assist her stranded son, Plaintiff Ryan Marsh.

7.     After the Plaintiff Kimberly Marsh merged into the left lane, Defendant Fletcher struck the Plaintiffs Kimberly Marsh, Scott Marsh, and Rylee Marsh's vehicle, causing them to be pushed off of the highway and into the middle of the median.

8.     Defendant Fletcher did also strike the Plaintiff Ryan Marsh's disable vehicle, that was sitting still on the left side of the road.

9.     The collision resulted in property damage to the Plaintiffs' vehicle and serious personal injury to the Plaintiffs.

## COUNT I: NEGLIGENCE OF CHRISTINE L. FLETCHER

10.     Plaintiffs re-allege and incorporate herein by reference the allegations contained in paragraphs 1-10 inclusive as part of this Count.

11.     Plaintiffs allege that the Defendant Fletcher was negligent in the following respects:

2

(a)     The Defendant failed to keep a proper lookout on the roadway;

(b)     The Defendant failed to keep her vehicle under reasonable control;

(c)     The Defendant failed to make proper use of the instrumentalities in her control so as to avoid a collision when she saw, or in the exercise of ordinary care should have seen, Plaintiffs' vehicles;

(d)     The Defendant failed to bring her vehicle under control or to change or divert its course when she saw, or in the exercise of ordinary care should have seen, that a wreck was about to occur; and

(e)     The Defendant failed to drive at a speed that was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards.

12.     As a direct and proximate result of the Defendant's negligence, a collision resulted, and the Plaintiffs suffered physical injuries throughout her body.

13.     As a further direct and proximate result of the Defendant's negligence and of the Plaintiffs' injuries, the Plaintiffs suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

14.     As a further direct and proximate result of the Defendant's negligence and of the Plaintiffs' injuries, the Plaintiffs were placed under the care of physicians and have incurred medical expenses and will incur medical expenses in the future.

## COUNT II: VICARIOUS LIABILITY OF DANNY HERMAN TRUCKING, INC. FOR THE NEGLIGENCE OF CHRISTINE L. FLETCHER

15.     Plaintiffs re-allege and incorporate herein by reference the allegations contained in paragraphs 1-15 inclusive as part of this Count.

3

16.     Plaintiffs allege that, at all times relevant hereto, Separate Defendant Fletcher was operating within the course and scope of her employment with Danny Herman Trucking, Inc.

17.     At the time of the wreck at issue in this case, Separate Defendant Fletcher was operating a vehicle owned by her employer, Danny Herman Trucking, Inc..

18.     At the time of the wreck at issue in this case, Separate Defendant Fletcher was operating within the course and scope of her employment.

19.     The injuries and damages to the Plaintiffs, more particularly described above, were directly and proximately caused by negligence on the part of Fletcher, which is imputable to her employer, Danny Herman Trucking, Inc., for purposes of vicarious liability, because Fletcher was at all times herein acting within the scope and course of her employment.

20.     At all relevant time periods, Defendant Danny Herman Trucking, Inc. was a "motor carrier" and an "employer" of drivers of "commercial motor vehicles" as defined by 49 C.F.R. parts 382 et seq. of the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSR"). Defendant Danny Herman Trucking, Inc. was subject to the mandatory requirements and prohibitions set out therein, including duties imposed to ensure that its commercial motor vehicle drivers acted in compliance with these federal regulations.

21.     The FMCSR is mandatory law for all motor carriers operating in interstate commerce. The purpose of the FMCSR is to ensure that all motor carriers maintain adequate basic safety management controls in their operations, including the duty of the motor carrier to require observance by its employees of any duty or prohibition prescribed by the FMCSR.

22.     Observance of duties placed on motor carriers by the FMCSR includes a mandate that an employer train and supervise its employees to ensure that the drivers operate commercial motor

4

vehicles in a safe manner and only at times that the driver's ability or alertness is not impaired through fatigue, illness, or any other cause.

23.     Pursuant to sections 390.03(e)(1), 390.11, every employer of a commercial vehicle driver shall be knowledgeable of and comply with all regulations applicable to that motor carrier's operations and it shall be the duty of the motor carrier to require observance of any duty prescribed for a driver or any prohibition imposed upon the driver.

24.     Pursuant to section 392.1, every motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the FMCSR.

25.     Pursuant to Section 390.13 of the FMCSR, no person shall aid, abet, encourage, or require an employee of a motor carrier to violate the FMCSR.

26.     Defendant Danny Herman Trucking, Inc. violated  § 383.11 in failing to train its drivers in procedures of safe vehicle control; the importance of understanding the effects of speed control for traffic conditions, traffic flow, stopping distance, and visibility; the importance of proper visual search and proper visual search methods; the procedures and techniques for controlling the space around the vehicle; and basic information concerning when and how to make emergency maneuvers, including evasive steering and emergency stop.

27.     The FMCSR, including those section cited above, are adopted and enforced by the State of Arkansas as standards and law of this State, pursuant to the Arkansas Uniform Commercial Driver License Act, Arkansas Code sections 27-23-101 et seq., and the Arkansas State Highway Commission Regulations, Minute Order Revisions, Commercial Motor Carriers, Rule 17.1.

5

28.     Prior to and/or at the time of the June 22, 2018 wreck, Defendant Danny Herman Trucking, Inc. violated the above-cited safety laws and regulations. These violations of the FMCSR are negligence per se and were a direct and proximate cause of the injures and damages alleged herein and are the type of injuries the above-cited safety law and regulations were designed to prevent.

29.     The Federal Motor Carrier Safety Regulations, including those sections cited above, are adopted and enforced by the State of Arkansas as standards and law of this State, pursuant to the Arkansas Uniform Commercial Driver License Act, Arkansas Code sections 27-23-101 et seq., and the Arkansas State Highway Commission Regulations, Minute Order Revisions, Commercial Motor Carriers, Rule 17.1.

30.     Defendant Danny Herman Trucking, Inc. entrusted the tractor-trailer to Defendant Fletcher, whom it knew, or should have known, was without proper training, experience, and ability to safely operate a commercial tractor-trailer rig, in a manner that created a foreseeable, appreciable, and unreasonable risk of harm to third-parties, namely persons traveling on public roads and highways, like the Plaintiff.

31.     All of the injuries and damages complained of in the initial complaint were foreseeable and proximately resulted from the negligence of Defendant Danny Herman Trucking, Inc..

32.     The personal injuries incurred by the Plaintiffs are the type of injuries the above-cited safety laws and regulations were designed to prevent.

6

## DIRECT NEGLIGENCE OF DANNY HERMAN TRUCKING, INC. FOR NEGLIGENT FAILURE TO TRAIN AND SUPERVISE

33.     Plaintiffs incorporate herein by reference paragraphs 1 through 33 inclusive as part of this Count.

34.     In addition to vicarious liability for negligent conduct, injuries and damages caused by Fletcher, Danny Herman Trucking, Inc. is also directly and independently liable for injuries and damages proximately caused by its own negligent acts and omissions.

35.     Defendant Danny Herman Trucking, Inc. failed to have adequate policies and procedures in place for how to assess, and respond to a situation involving a disabled vehicle on the side of the road, and how to avoid a collision with a vehicle directly in front of a driver employed by Danny Herman Trucking, Inc.

36.     Defendant Danny Herman Trucking, Inc..was negligent in the hiring, training, retaining and supervising of its employees, including Defendant Fletcher, to wit:

      (a)     Defendant Danny Herman Trucking, Inc. knew or should have known that Defendant Fletcher was not competent, satisfactory, or safety-conscious to operate the tractor-trailer she was employed to drive;

      (b)     Defendant Danny Herman Trucking, Inc. misjudged or overestimated the skills and ability of Defendant Fletcher to drive its vehicles;

      (c)     Defendant Danny Herman Trucking, Inc. failed to train, educate, direct, prepare, set policy, or give guidance to its employees such as Defendant Fletcher in the use of its vehicles, particularly in the areas of safety and defensive driving, in stopping distances for the tractor-trailer she was operating, including, but not limited to, effective use of the Smith System; and

      (d)     Defendant Danny Herman Trucking, Inc. permitted Defendant Fletcher to operate its commercial motor vehicle on June 22, 2018, when she was unqualified and inadequately trained to do so.

7

37.   The negligence of Defendant Danny Herman Trucking, Inc. in hiring, training, retaining and supervising Defendant Fletcher was a proximate cause of the injuries and damages alleged herein.

38.   A reasonably careful motor carrier, operating under similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries to other persons traveling on public highways, like the Plaintiff.

39.   Defendant Danny Herman Trucking, Inc. violated the Federal Motor Carrier Safety Regulations, including but not limited to:

(a)   Violation of § 383.111 in failing to train its drivers in procedures for safe vehicle control; the importance of understanding the effects of speed control for traffic conditions, traffic flow, stopping distance, and visibility; the importance of proper visual search and proper visual search methods; the procedures and techniques for controlling the space around the vehicle; and basic information concerning when and how to make emergency maneuvers, including evasive steering and emergency stop;

(b)   Violation of § 391.11 and § 391.15(a) requiring a motor carrier not to permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle;

(c)   Violation of § 392.2 providing that every commercial motor vehicle operating in this state must be operated in accordance with the laws, ordinances, and regulations of the State of Arkansas;

(d)   Violation of § 392.3 mandating in relevant part that a commercial motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate a commercial motor vehicle;

(e)   Violation of § 395.8 requiring drivers to complete and preserve an accurate and up to date record of duty status that must be signed and certified by the driver as true and correct entries. The

8

completed forms must also be turned into the motor carrier within 13 days of the completion of the form;

(f)    Violation of §395.3 defining maximum driving and on-duty times for drivers, and mandating accurate logging and record-keeping relating to such driving and on-duty-times; and

(g)    Violation of § 395.8 requiring creation of a current record of drivers' hours-of-service and duty status.

40.    The Federal Motor Carrier Safety Regulations, including those sections cited above, are adopted and enforced by the State of Arkansas as standards and law of this State, pursuant to the Arkansas Uniform Commercial Driver License Act, Arkansas Code sections 27-23-101 et seq., and the Arkansas State Highway Commission Regulations, Minute Order Revisions, Commercial Motor Carriers, Rule 17.1.

41.    Prior to and/or at the time of the June 22, 2018, Defendant Danny Herman Trucking, Inc. violated each of the above-cited safety laws and regulations. These violations of the FMSCR are further evidence of negligent conduct by Defendant Danny Herman Trucking, Inc. .

42.    Defendant Danny Herman Trucking, Inc.'s violations of the above-cited statutes and regulations were a direct and proximate cause of the injuries and damages alleged herein.

43.    The injuries inflicted on the Plaintiff are the type of injuries the above-cited safety law and regulations were designed to prevent.

44.    The above-described conduct by Defendant Danny Herman Trucking, Inc. was willful, wanton, reckless, malicious and/or intentional.

45.    In addition to punitive damages based upon its vicarious liability for the conduct of Defendant Fletcher, Defendant Danny Herman Trucking, Inc. also is liable for punitive damages for its own conduct. Danny Herman Trucking, Inc. knew, or in the exercise of ordinary care should have known in light of the surrounding circumstances, that the above-described negligent conduct on its

part would naturally and probably result in injury to others, yet it continued such conduct in reckless disregard of the consequences. Thus, punitive damages should be imposed against Danny Herman Trucking, Inc. due to its own conduct as set out above.

46.     As a direct and proximate result of the negligent acts and omissions of Defendant Danny Herman Trucking, Inc., the Plaintiff asserts claims for all compensatory and punitive damages, including, but not limited to, the physical injuries described herein, pain and suffering, mental anguish, loss of consortium, loss of services and contributions, medical expenses, care taking and custodial care and property damage, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, plus the costs of this litigation, and all of the relief to which the Plaintiff is entitled to by law, all in an amount in excess of that necessary for federal diversity jurisdiction.

47.     As a direct and proximate result of the Defendants' negligence, a collision resulted, and the Plaintiff suffered physical injuries throughout her body.

48.     As a further direct and proximate result of the Defendants' negligence and of the Plaintiff's injuries, the Plaintiff suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

49.     As a further direct and proximate result of the Defendant's negligence and of the Plaintiff's injuries, the Plaintiff was placed under the care of a physician and has incurred medical expenses and will incur medical expenses in the future.

WHEREFORE, the Plaintiffs, Kimberly Marsh, Scott Marsh, Ryan Marsh, and Rylee Marsh respectfully pray for judgment against the Defendants, Christine L. Fletcher, Danny Herman Trucking, Inc., in a sum which is in excess of the amount required for federal diversity jurisdiction, for a reasonable attorney's fee, and for all other proper relief to which they may be entitled. The

10

Plaintiffs respectfully demand a trial by jury, and they reserves the right to plead and amend further herein.

Respectfully Submitted,

Taylor King Law, P.A.
820 W 3rd Street
Little Rock, AR 72201
(870) 246-0505

By:   _____
Kenneth "Rusty" Mitchell, Bar No.2010227

11